IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RICCO COATES,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL GEOGRAPHIC,<br><br>Defendant. | CV 14-00070-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Mr. Coates filed a Complaint and two supplements seeking damages against National Geographic for videotaping his arrest in a public parking lot and airing a recording of the arrest on a television show about drugs in Montana. (Docs. 2, 6, 7.) Mr. Coates cannot state a claim under state or federal law as he has no expectation of privacy in a public parking lot. The Complaint should be dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Plaintiff John Coates is state prisoner proceeding in forma pauperis and without counsel. The named Defendant is National Geographic.

### C. Allegations in Complaint

1

Mr. Coates alleges that on August 8, 2012, police officers stopped Mr. Coates and his common law wife, Evie McCard, in the parking lot of a Taco Bell restaurant in Great Falls, Montana. They were held at gun point and arrested. Law enforcement officers searched their vehicle. A person with a camcorder recorded the arrest and search. The recording later aired on National Geographic's television show the "World's Most Dangerous Drugs Montana." Mr. Coates and Ms. McCard did not sign consent forms giving their permission to be put on television. (Complaint, Doc. 2 at 9.)

Mr. Coates attached a police report stating: "National Geographic was present during the arrest of McCard and Coates. National Geographic is producing a series for a show called Drugs, Inc. regarding the illegal drug issues in the state of Montana." (Supplement, Doc. 7-1 at 3.)

## II. PRESCREENING

### A. Standard

Mr. Coates is proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915. The Court must dismiss a complaint filed in forma pauperis before it is served upon the defendants if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is malicious if not pled in good faith.  *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).  Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*,

58 F.3d 494, 497 (9th Cir. 1995)).

**B. Jurisdiction**

Mr. Coates filed this action in federal court, in the Great Falls Division of the District of Montana. (Complaint, Doc. 2.) For purposes of this Order, the Court will assume venue is proper. Mr. Coates indicates that jurisdiction is asserted under 28 U.S.C. § 1331 because the Complaint raises a civil rights claim against a state or local government employee or entity under 42 U.S.C. § 1983. (Complaint, Doc. 2 at 4.) However, Mr. Coates does not name a state or local government employee or entity as a Defendant and does not allege a conspiracy or joint action with a state actor. The only named Defendant is National Geographic, a private entity. There does not appear to be federal question jurisdiction under 28 U.S.C. § 1331.

For purposes of this Order, the Court will presume Mr. Coates is attempting to bring his claims pursuant to the diversity statute, 28 U.S.C. § 1332. This statute gives federal district courts original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). While the Court is willing to presume for purposes of this Order that the parties are citizens of different states, Mr. Coates does not meet the amount in amount in controversy requirement as he has only demanded $30,000.

(Supplement, Doc. 6 at 1.)

Accordingly, Mr. Coates has failed to show that this Court has jurisdiction over this matter. *See* Fed.R.Civ.P. 8(a) (a pleading must contain "a short and plain statement" showing the court's jurisdiction).

**C.    Failure to State a Claim**

Regardless of the jurisdictional question, Mr. Coates's allegations fail to state a claim. To the extent he could raise federal claims against the law enforcement officers or allege a conspiracy or joint action between law enforcement and National Georgraphic, there was no Fourth Amendment violation. As the United States Supreme Court has explained,

> What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected.

*Katz v. United States*, 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967) (citations omitted). As the events recorded by National Geographic took place out in the open, in a public parking lot, there was no Fourth Amendment violation.

For the same reason, Mr. Coates cannot state a state law claim against National Geographic. The Montana Supreme Court defines the common law cause of action for invasion of privacy as a "wrongful intrusion into one's private

activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Miller v. Great Falls Athletic Club, LLC*, 357 Mont. 562, 242 P.3d 1286 (Mont. 2010) (citations omitted.) Mr. Coates's actions in a public parking lot are not private activities. Therefore, he cannot state a cause of action for invasion of privacy under Montana law.

"[T]he privacy section of the Montana Constitution contemplates privacy invasion by state action only." *State v. Long*, 216 Mont. 65, 71, 700 P.2d 153, 157 (Mont. 1985). "A constitutionally protected privacy interest exists when a person has a subjective or actual expectation of privacy which society is willing to recognize as reasonable." *Lincoln Co. Commn. v. Nixon*, 292 Mont. 42, 968 P.2d 1141 (Mont. 1998). Mr. Coates has sued National Geographic, not the State, and therefore fails to invoke a state constitutional claim for violation of privacy. In addition, as set forth above, he has not established that he was engaged in a private activity. While the Montana Constitution affords greater protection to a person's right to privacy than the United States Constitution, the Montana Supreme Court has "never expanded this protection to a person's actions on a public street." *State v. Ditton*, 333 Mont. 483, 494, 144 P.3d 783, 791 (Mont. 2006). As in the *Ditton* case, the videotape at issue captured Mr. Coates's actions on a public street. As such, the making and showing of that recording did not violate Mr. Coates's right

6

to privacy under Montana or federal law.

## III. CONCLUSION

This Court does not have subject matter jurisdiction over this matter under either the diversity or federal question statutes. Moreover, even if jurisdiction could be established, Mr. Coates cannot set forth sufficient facts to support a federal or a state common law or constitutional cause of action for violation of his privacy rights. He did not have a reasonable expectation of privacy in a public parking lot. These are not defects that could be cured by the allegation of additional facts. The Complaint should be dismissed.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits a prisoner from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). Because Mr. Coates failed to state a claim and the Complaint is frivolous, this case should be designated as a strike under 28 U.S.C. §1915(g).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

A party who was permitted to proceed in forma pauperis in the

> district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of Section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 109 S.Ct. 1827 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Coates has failed to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court should certify that any appeal of this matter would not be taken in good faith.

**C. Address Changes**

At all times during the pendency of this action, Mr. Coates must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Coates failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint fails to state a claim and is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS &

**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Coates may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 5th day of February, 2015.

                                               */s/ John Johnston*
                                               John Johnston
                                               United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.